Case number 22-5339, Campaign Legal Center Appellants v. Federal Election Commission. Ms. McCallan for the appellants, Mr. Mohler for the appellee. Good morning, counsel. Ms. McCallan, please proceed when you're ready. Good morning, your honors. May it please the court, Megan McCallan for Appellant, Campaign Legal Center. I'd like to reserve two minutes of my time for rebuttal. This case involves the Federal Election Commission's dismissal of a complaint alleging that the 2020 Trump campaign and joint fundraising committees unlawfully concealed the true recipients and purposes of upwards of 750 million dollars in campaign spending, a potential amount in violation that would have been the largest in the commission's history. The record showed that the committees had, in essence, funneled payments to staff and vendors through shell entities controlled by senior Trump campaign officials to avoid disclosing what the statute and FEC precedents require, who they were actually paying, how much they were paying them, and what for. Nevertheless, against the advice of its Office of General Counsel, the commission deadlocked three to three on whether the committees had violated FECA's disclosure requirements and dismissed the complaint. The only issue presented here is whether the district court was barred from even considering the faulty legal conclusions in the controlling commissioner's statement of reasons, because in it, they purported to invoke the commission's prosecutorial discretion, even though they did so expressly in reliance on merits considerations. The district court's finding in the affirmative that judicial review is precluded by the reasons. First, neither crude decision justifies the FEC's extreme position here, which would withhold congressionally mandated judicial review, even as to dismissals that purport to invoke discretionary rationales that directly rest on merits judgments. And second, then, if they did apply, the crude decisions conflict with controlling Supreme Court and prior circuit precedent and should not be given effect. The dismissal here is reviewable either way. Can I ask a hypothetical question? So suppose that the enforcement authority, the way they explain, and we'll just say the controlling commissioners, the way the controlling commissioners explain a decision not to go forward is to say we've had our budget cut significantly and we're only going to go forward in cases in which it's clearly correct, the legal challenge is clearly correct. And so this may be a case in which actually we think the better argument is that it's correct. But we don't think it's clearly correct. And so as a matter of enforcement discretion and as a matter of an informed exercise of discretion in terms of how we're going to expend our resources, we're not going to go forward with this case because we just don't view this case to be a slam dunk. Do you think, in that situation, there would be review? Or do you think, and let's suppose they actually cite Heckler v. Cheney, they'd have their eyes on the glass of teas, and they say, and therefore, in an exercise of Heckler v. Cheney discretion, we opt not to go forward. Where does that case come out in your view? Well, for starters, we would submit that because the statute and controlling circuit precedent make FICA dismissals reviewable, that the crude cases were wrongly subject to judicial review. And that doesn't answer the question. Right, but we can't, for our purposes, we're bound by the crude cases. And so under the crude cases, where do you think that comes out? Under the crude cases, I think that if there were no underlying legal analysis in the hypothetical as you posed it, that would potentially be covered by the rule of new models depending on, you know, whether there were other indications of substantive conclusions from the review that FICA clearly provides. So you think there wouldn't be review in that situation? That's all the controlling commissioners say, is they say, we see the general counsel's argument. You think actually there's something to the general counsel's argument. There's a lot to it. But we're only going to go forward in an exercise of prosecutorial discretion in cases in which the argument is clearly correct. We don't think this rises to that, and therefore, we're not going to go forward. You think no review in that situation? Well, I think in that situation, that may be subject to a separate rule under the Crowley line of cases where the commission has completely abdicated its enforcement responsibilities if it's doing that more than one case. But under the rule of new models, again, in the world where we assume new models was correctly decided and applicable, I think that that scenario would likely be covered and not be reviewable. And why is that? Because I thought your argument was that if the exercise of prosecutorial discretion turns on an assessment of the legal correctness of the position, then there is review. But in the hypo I just outlined, it would turn on an assessment of legal correctness. It's just that the overlay would be, not only does it have to be correct, it has to be clearly correct. Well, if I'm understanding the hypothetical as you posed it, I think the difference is that it sounds like they're agreeing that the office of general counsel's rationale was likely the correct view of the law, and they're making an evidentiary assessment. Whereas here, they were just saying, no, the law doesn't require disclosure. They're not making an evidentiary assessment. They're making a legal assessment. And they're saying... The assessment is that the law likely was violated, but they declined to proceed. And that is very different than the scenario here, where they're saying the law wasn't violated. This isn't what the law requires. And we're not going to exercise prosecutorial discretion. We're not going to proceed on the basis of prosecutorial discretion because the law wasn't violated. And that's a very different situation from a recognition that the law was violated. And it doesn't pose the same concerns as these cases where clearly erroneous legal interpretations are being permitted to escape review by the invocation of prosecutorial discretion at the very end. And then what if the commission, the controlling commissioners say this is a close case on whether the law is violated? There's some pretty good arguments that it is. There's some pretty good arguments that it isn't. But close cases aren't good enough for me. I have to think that the law is violated. Now, again, assuming we're in the world again, the new model applies. Whereas I think that all commission dismissals are reviewable and clearly reviewable under FICA. That scenario would be a closer question, I think. And again, it's not the world we're in. But if there are no underlying legal rationales for the court to assess, then it may not matter whether it's a highly differential standard or a prevention of review entirely under new models, again, because that rule is inconsistent. But I mean, we can have a hypothesis that there is a legal analysis. So suppose the controlling commissioners go through an assessment and they do 12 pages and they say, here's the arguments for why there is a violation. But then there's arguments for why there's not a violation too. And they spell that out for the next six pages. And then the conclusion is, it's close. And we just don't go forward in close cases. If a challenger thinks, actually, all the arguments for why there's not a violation are just totally wrong. They're just wrong. You said a bunch of stuff, but you're just wrong about those. Do you think there would be review? Yes. I think in that scenario, there would definitely be review of the underlying substantive legal analysis to ensure that it was not infected with errors of law, as well as the overall application of a standard that itself could be contrary to law at the reason to believe stage, in particular, of commission enforcement actions, where it's just a threshold requirement that several other steps in the enforcement process, including the necessity to find probable cause and then eventual enforcement. So this is by law and by statutory design supposed to be a threshold preliminary determination. And that could itself be contrary to law. And you think then that would also apply in a case in which the controlling commissioners go through analysis and they say, here's all the arguments for why the general counsel is right. And there is a violation. There's actually a couple that give me a little bit of pause. I think those are probably outweighed by the arguments that there's a violation, but I only go forward in cases because of our budgetary constraints in which I'm clearly right. And here, I don't think we're clearly right. And so therefore, we're not going to go forward. Again, in that scenario, I think it would be reviewable because they're substantive conclusions of law for a court to assess and determine if they are indeed consistent with FECA and statute requires. Even though that's classic prosecutorial discretion is that it seems almost inevitable that when an enforcement authority is deciding whether to go forward, they think about the legal merits in some measure to decide whether this is a case worth bringing because that's core prosecutorial discretion. Is this a case worth bringing? It may be a core prosecutorial discretion rationale under Heckler, but again, we're in a world where FECA has expressly rebutted the presumption in Heckler that non-enforcement decisions are unreviewable. So we are in the position, assuming we're applying new models, of trying to parse agency determinations, non-enforcement determinations in action, which as the Supreme Court found in Aikens, is clearly reviewable agency action for potentially unreviewable reasons. And I think that that needs to be construed consistent with insofar as we're preserving new models with the statute and with controlling circuit precedent, which makes clear that all FEC non-enforcement dismissals are subject to review. So since we're in the world of new models, in new models on page 885, the court says, the statement expresses discretionary considerations at the heart of Cheney's holding, such as concerns about resource allocation, and then has a citation of Cheney and a parenthetical that includes the quote in describing what counts as prosecutorial discretion, whether the agency is likely to succeed if it acts. And it just, it seems like concerns about resource allocation and whether the agency is likely to succeed if it acts, almost necessarily in the mine run of cases, take into account some assessment of the legal merits or demerits of the position or how strong the merits are. And you think as long as that seeps in to some extent, the strength of the merits, that there's review because of the way FECA works, notwithstanding what we said in new models? Yeah, I think there has to be review available because that is what the statute requires, and that's what this court's precedence and the Supreme Court's decision in Aikens requires. And what about the footnote, footnote four, that says it's the nature of the decision not to prosecute that matters, not whether legal interpretation underlay the decision. Well, I think if you look at other language in the panel, majority opinion new models, they make clear that they're interpreting the exercise of discretion at issue there as distinct, quote unquote, they had two distinct bases for declining to move forward with the first complaint. And then if you look at the actual substance of their invocation of prosecutorial discretion in that case, they rested it on considerations that would have been equally applicable, irrespective of whether they thought the law had or hadn't been violated, or there was reason to believe. They based it on the defunct nature of the organization and the difficulty the commission might have in proceeding with any kind of enforcement action against it for that reason. It wouldn't matter that they had already concluded in admittedly a very lengthy legal analysis for that, that the law was not violated, or there was no reason to believe it was. I think the difficulty that we're in is the fault of the new models and mission on hope decisions taking a wrong turn from the circuit's precedents and now trying to perform this enterprise of separating out unreviewable reasons from what is clearly reviewable action puts courts in a difficult position, as the district court below recognized. But the way to correct that would be to steer the ship to the right course and ensure that the crew decisions are no longer contributing to the inconsistency and disharmony in the circuit's precedents. In other words, to apply at Sierra Club to find those cited and non-binding score. Yeah, that's a tall order, because the panels, it's not as if we would be thinking about things that the panels that decided those cases didn't think about. And it seems like it's asking a lot of a sort of appeals panel to say that a prior panel actually understood the issue and analyzed it, but just they got it wrong, and therefore you're free to disregard what the prior panel said. Is that the upshot of what you're? Well, that's the upshot of our alternative argument. Yeah, yes. Yeah, the alternative. Yes, yes. But we also think that new models is distinguishable, and if it's to be salvaged, it must be read consistently with a rule that we don't assume we know what the agency is going to do on remand if it has two not clearly independent rationales where the justifications that are purportedly discretionary and legal are intertwined. And consistently with this court's other prior circuit precedents, DCCC, Chamber of Commerce, and certainly the Supreme Court's decision of Nakens. Make sure my colleagues don't have questions, additional questions for you, and we'll give you time for rebuttal. Thank you. Thank you. Mr. Mueller, we'll hear from the commission now. May it please the court, Greg Mueller for the Federal Election Commission. The outcome here is controlled by application of new models and commission on vote and cases arising. Mr. Mueller. Yes. Is it possible for you to raise the podium? I'm so deaf, but you're tall. I'll speak louder and try to be closer. There's a switch to raise the podium. Yeah, no, the podium is that already all the way up? Yeah, it's all the way up. Oh, okay. Okay. Got it. Cases rising under the Federal Election Campaign Act's judicial review provision fall into two categories. Category one are cases where there's statutory interpretation of FECA and the controlling group of commissioners reaches a conclusion that there is not reason to believe, or in some cases, probable cause to believe there was a violation. The statements issued by controlling groups of commissioners in those types of cases are subject to review under the contrary to law standard. And those are the cases like DCCC and Orlowski and Akins. I call those category one cases. Category two are cases where prosecutorial discretion is invoked by the controlling group of commissioners. These are not subject to review. Commission on Hope, New Models, and this case fall into that second category, category two. And the district court properly found that the case for the court today was in that second category where the controlling group in vocation of prosecutorial discretion is not reviewable by this court. And why is that? Because if you have, suppose you have a controlling group of commissioners that issues a statement of reasons. A statement of reasons says, here's all the reasons that I think this claim would be non-meritorious as a matter of law. That I've got the general counsel's analysis, but I disagree with the general counsel's analysis, and here's all the reasons that I think that the general counsel got it wrong. And I only go forward in cases where I think we're right, in an exercise of prosecutorial discretion under Heckler v. Cheney, I choose not to go forward. Do you think that would be reviewable or no? It's not because I think it's an inherent part of the prosecutorial discretion analysis that there is conclusions about the assessment of the underlying matter. And I think what's important- So in that situation, your answer is it would not be reviewable? Right. So then what's left? Because if all that happens is the controlling commissioners say, this is wrong as a matter of law. I just think that there's no legal argument here at the end of the day that carries the day. Yeah, I get what the general counsel says. There's something to it. But at the end of the day, I think it doesn't work. If they just stop there, it's reviewable. Correct. And if they go on from there and they add one sentence that says, as I've explained, the general counsel has an argument about why there's a legally meritorious challenge that could be brought, I disagree with the general counsel's legal analysis. And therefore, in an exercise of my prosecutorial discretion under Heckler v. Cheney, I opt not to go forward because I only go forward in cases where I think I'm right. Then it's not reviewable. Yes, Your Honor. Accepting that hypothetical, I think our situation is different because it was kind of a classic- Just to understand the logical, the expanse of your position, then all the controlling commissioners have to do to completely insulate a legal analysis from judicial review is to tack on one sentence that says nothing other than, therefore, in an exercise of my prosecutorial discretion under Heckler v. Cheney, I choose not to go forward. Your Honor, I think there's a notch of nuance to it beyond that. And I think that it is the controlling group of commissioners have to properly invoke prosecutorial discretion within the meaning of Heckler v. Cheney. And I think that type of analysis is what took place here, kind of a classic prosecutorial discretion analysis. So we can get to what took place here, but I just want to make sure I understand the commission's position because it matters. Whatever we say is going to govern a group of cases. And I want to understand the reach of the position. You said it has to be a legitimate exercise of that's a totally legitimate exercise of prosecutorial discretion to say, I think the general counsel's analysis on balance, although there's some force to it, I think the general counsel's analysis on balance turns out to be incorrect. I think the better reading of the statute is that there's no violation here. Therefore, as an exercise of prosecutorial discretion, I choose not to go forward. That seems legitimate to me. I think a responsible prosecutorial official probably has to take into account legal correctness in eminently reasonable to decide not to go forward because you think the position ultimately is not legally meritorious. So it would cross your legitimate legitimacy criterion. I think it would. But then the question would be, well, what's left? Because at that point, the statute does provide for judicial review of legal correctness in some situations. But if every single time the prosecutor understandably invokes legal correctness and deciding not to go forward as a matter of prosecutorial discretion, there's nothing left to review ever in any case. To answer that question, Your Honor, I think what remains is when the commission is construing the statute and reaching a legal conclusion about whether there's reason to believe or not. And that is something that happens very regularly at the commission. There are a lot of, that's what Aikens, DCCC, there's been recent cases on that front. That is the heartland of the A provision, the judicial review provision. That's what's left. But then there is prosecutorial discretion and agencies and prosecutors have that. And that's at play here and is not reviewable when it's invoked. And I think there's good reason for that because the courts are well situated to review the conclusions, the interpretations of FECA and the conclusions and apply a contrary to law standard. But when we're in a situation where they're making decisions as they were here about allocation of resources, relative strength of the evidence, the clarity of the legal standards, and they're evaluating all of that, that's kind of a classic prosecutorial discretion. Allocation of resources definitely is classic prosecutorial discretion, there's no doubt about it. But suppose that the decision on whether to allocate resources turns entirely on the law. And that seems totally responsible to do too. It seems totally responsible to say, I decide to allocate my resources in righteous cases and what I define to be a righteous case is one that's right on the law. I decide not to expend my resources in cases in which I think we're wrong under the law. So everything without question just on the face of the statement of reasons turns on a legal determination of whether the prosecution would be correct under the law. To answer that question, and initially I would note that the exercise in this case was rooted on assuming there may be a violation not wanting to take an outsized portion of the agency's resources. And the district court here said that that was like an independently dispositive ground here and there should be upheld here. But to address the hypothetical, which is that the discretionary analysis within the prosecutorial discretion context gets exercised all the time. And the courts aren't really in a position to follow the prosecutor in making these judgment calls on all of the cases that they confront each and every day. And I think that that's one of the reasons that the discretion exists. It's common for agencies to be making these judgments calls all the time. And when they make a formal interpretation and reach a decision and issue statements of reasons, the controlling group of commissioners then is reviewable under this statute. And that provision is a unique carve out in that respect. But when it's the day-to-day exercise of prosecutorial discretion, that's not reviewable. And that's what Heckler says. And in particular, I think new models really wrestled with that hypothetical pretty directly. And so the new models majority of the panel wrestled with that question and found that that's squarely within the prosecutorial discretion realm. And it's not going to evaluate that in part because- Even you think you read new models to say that that governs even if the exercise of prosecutorial discretion is unreviewable? Well, I agree with that, but I do note that it's paired with the Heckler body of law that talks about application of prosecutorial discretion. Yeah, I guess the question is, do you read new models to say that exercises of prosecutorial discretion are unreviewable? And by exercises of prosecutorial discretion that turn on nothing other than an assessment of the legal merits of a position? Yes. I mean, I don't see that as this case, but- Yeah. And I do want to ask about this case too, but on what you think new models covers, you think it covers that situation too? Because prosecutorial discretion is inherently an evaluation of strengths and weaknesses. Yeah. So- I agree with you. I think it- Right. So I don't see that the court, it wants to involve itself in what is a sort of threshold, non-final complete analysis, reaching a final conclusion. I think the prosecutorial discretion analysis begins and ends with an assessment of all of these factors, factoring them in together. I think that there's a balancing of those factors that are kind of inherent in the process. And I think that that is where we are with this- That all seems exactly right to me on what prosecutorial discretion usually is. It's just that we have a statute that says sometimes the legal merits are reviewable. And if every exercise of prosecutorial discretion is infused with an assessment of the merits, then that could have the capacity to render the judicial review provision negatory because you would just say every time there's an assessment of the merits that informs the exercise of prosecutorial discretion. Yes. And that's why at the outset, I tried to draw the important distinction between the first category of cases where there's a conclusion that can be evaluated under the contrary to law statute or contrary to law standard in the statute. And then there's a second category where these balancing of factors considerations takes place. That's in the prosecutorial discretion realm. So there are definitely two types of cases that can be reviewed when the controlling group of commissioners puts forth a rationale. One is subject to the contrary to law standard, and the other is an exercise of prosecutorial discretion that's not reviewed. Now, I agree with Ms. McAllen who just mentioned that there are a couple of- Within Heckler, there are a couple of other references to areas that are adjacent to prosecutorial discretion that remain reviewable. The commission made a determination about its jurisdiction under footnote four of Heckler that remains reviewable. And also, if the commission articulated a statement expressly announcing its intention not to enforce an area of the law that under the multi-factor discussion of prosecutorial discretion that's at the core of Heckler and was at the core of new models is not reviewable. Can we look at this case and the explanation given in this case? The key sentence that you invoked earlier and the district court understandably focused on is I think the sentence that says, this is especially the case because the general counsel's proposed theory is predicated upon factual assumptions about which- Wait, is that the- No, this is particularly so here where the size and scope of the proposed investigation could quickly consume an outsized share of the resources available to the commission. Yes, that was in the statement of reasons and was part of the rationale. Yeah. And do you read that to mean that even if I thought that this was 100% correct, that there's no doubt that the general counsel's analysis of the law is correct, I still wouldn't go forward because the size and scope of the proposed investigation could quickly consume an outsized share of the resources available to the commission? The district court found that to be an independently dispositive rationale here. And I think that the statement of reasons itself had a number of factors, but I agree with the district court that that's an independently dispositive basis for addressing the case here. Just the enormity of the investigation resource considerations, I think they were listing a number of factors that compelled the conclusion, and I think that one does stand alone. Stands alone, even though the sentence starts out by saying, this is particularly so here. Because it kind of makes it sound like that's the type of sentence you'd throw on as an add-on as opposed to, by the way, regardless of everything I've said so far, even if you thought everything I've said so far is exactly wrong, still wouldn't go forward because the size and scope of the proposed investigation could quickly assume an outsized share of the resources available to the commission. I think that particularly is relevant to the prosecutorial discretion. It's such a core consideration under prosecutorial discretion that I think the statement was noting that and emphasizing it in that way. And I do think that especially within the context of the statement itself and the district court's decision, they noted the scope of the matter here and challenges in investigating it. And both the statement and the district court opinion laid out the complexity of the case. And so when you get to that conclusion, I think it does stand alone in that respect. As opposed to a circumstance in which the commission could say something, the controlling commission could say something like, particularly in light of the dubious legal bona fides of the challenge, we won't go forward in a case in which it would occupy outsized resources. Then the merits get seeped into the question of resource allocation. You still think that would be an outsized prosecutorial discretion that would be unreviewable, but it seems different from one in which there's a criterion that's stated to be totally independent of the merits that would itself be sufficient to persuade the commissioners not to go forward. Right. And I fully acknowledge that there's certainly prosecutorial discretion analysis that's part of that decision, but what remains reviewable is legal interpretation of reaching a conclusion. That first category is reviewable, but prosecutorial discretion analysis is different and not reviewable. And I think that that's a distinction that's important here. But you're not saying that in a case in which you have both of those in the statement of reasons, the part of it that's legal would be reviewable? Right. No. None of it's reviewable as long as there's a reference to prosecutorial discretion. Correct. Yes. I'll make sure my colleagues don't have additional questions for you. Yes. For those reasons, the district court should be affirmed. Thank you. Thank you, Mr. Meal. Ms. McCallum, we'll give you the two minutes you asked for for rebuttal. Thank you. I appreciate it. I just want to make a couple points. First, on the district court's legal inquiry, I think it's not possible to disentangle even those concerns articulated in the statement of reasons from the underlying merits conclusions on which they quite explicitly rested. First, on the size and scope of the investigation, I mean, that itself rested on the erroneous legal conclusion and imposition of a unduly stringent test for determining whether subvendor reporting was required under which they would demand proof that an only intended to disguise standard was met. So that would entail a much more onerous investigation and etc. And then, of course, they would see the obstacles to enforcement in a case in which they had already conclusively determined that there was no reason to believe the law was violated. That would be a fairly simple case to defend against. And then finally, I just want to close by making clear the consequences of the broad legal rule that FEC is articulating and its interpretation of new models to preclude all review, even of intertwined and mutually dependent invocations of discretion with conclusions of law. Under it, the FEC receives automatic and unconditional immunity basically upon a magic words test reciting the right elements of Heckler and the right words about prosecutorial discretion resources to insulate what are clearly dispositive merits analyses from all review and the review that FEC explicitly provides. And even though in the deadlock scenario, which we're in, these are not precedential at the commission, they're treated as such by many commissioners. And they also constrain the activity of regulated parties. So this is preventing parties from receiving the judicial review that FEC explicitly provides and correcting erroneous interpretations of law in a matter that is extremely important to the health of our democratic function. Can I just ask you one question? And that's on this key sentence about size and scope. You agree that if this sentence is independent of the merits, if it's a statement that is along the lines of what Mr. Mueller said it is and what the district court appeared to think that it was, which is to say, regardless of the merits, the size and scope of the proposed investigation itself leads me to refrain from wanting to go forward in this case. And under new models, the entire statement of reasons, the entire decision is unreviewable. Assuming it were entirely independent and it were also entirely clear that it would be independently sufficient, even apart from the merits, then yes, I think that is the new, the rule that reports to require, yeah. Then what is it about this that leads you to think that the merits necessarily seep in? Just when I'm looking at the words. Do you just think it's inherent that always whenever someone talks about an enforcement authority, talks about size and scope and resources that they're necessarily thinking about merits? Or do you think, unless they specifically say they're or do you think there's something specific about the way it's done here that means that the district court and Mr. Mueller's interpretation of this is wrong? Well, if you look at the clause that begins the concluding part of the statement of reasons, they say, for the reasons given above, and there are dependent clauses throughout that sort of refer back to their merits analysis, as noted in the new models to opinion, concurring and denial of hearing on bunk, the independence is demonstrated by the lack of a reference back to merits analysis. But when it's unclear, when it's even a little bit unclear, I think that because FECA provides for review and makes these actions reviewable, review must be provided. Do you think even if the tie goes to FECA, the tie goes to review, in other words, is part of what you're- Yes. I'm infusing into this. Okay. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Henderson, Rogers